**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KEVIN SHEILS,

                              Plaintiff,

           - v -                                Civ. No. 9:06-CV-482
                                                        (GLS/RFT)

R.J. MINOGUE, *Commissioner's Hearing Officer*;
P. ANO, *Tier Hearing Assistant*;
D. SELSKY, *Director, Special Housing*,

                              Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

KEVIN SHEILS
Plaintiff, *Pro Se*
99-A-5444
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ANDREW M. CUOMO             CHARLES J. QUACKENBUSH, ESQ.
Attorney General for the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, N.Y. 12207

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

*Pro se* Plaintiff Kevin Sheils brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his due process rights by (1) intentionally withholding documents he requested in preparation for a Disciplinary Hearing, thereby preventing Plaintiff from framing "appropriate questions to inmate witnesses" and "disput[ing] the evidence against him[;]" and (2) denying him the opportunity to question and call certain witnesses and to view and introduce

documentary evidence. Dkt. No. 1, Compl.

Defendants' now bring this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c), which Plaintiff opposes. Dkt. Nos. 27 & 30. For the reasons that follow, it is recommended that Plaintiff's Complaint be **conditionally dismissed**.

## I.  FACTS

During the time period relevant to this action, Plaintiff was incarcerated at the Clinton Correctional Facility ("CCF"). Dkt. No. 27, Defs.' 7.1 Statement, at ¶ 2.[1]  On October 31, 2003, Plaintiff was housed in cell #9 of the E-3 housing unit of CCF. On that day, security staff were conducting cell searches on Plaintiff's gallery. *Id*. at ¶ 3. During the search of his cell, Plaintiff was involved in an altercation with the CCF security staff members, who used physical force to subdue him. Defendants' assert Plaintiff caused the incident when he became verbally abusive and punched a correctional officer in the face; Plaintiff asserts he was wantonly beaten for a half-hour without cause or justification. *Id*. at ¶ 4; Compl. at 14.

On November 1, 2003, Plaintiff was served with copies of Misbehavior Reports issued by Correctional Officers (C.O.'s) Evens and LaBombard. The Misbehavior Reports stated that while standing outside his cell during the search,[2] Plaintiff became angry when Evens began to look through his photos, and attempted to approach Evens in the cell. However, LaBombard interceded and ordered him to step back, at which point Plaintiff punched LaBombard on his left cheek, requiring Evens and LaBombard to force Plaintiff into mechanical restraints. Dkt. No. 30, Pl.'s

---

[1] When the Plaintiff has not objected to a particular statement of fact proffered in the Defendants' 7.1 Statement, or visa versa, we will not cite to both 7.1 Statements. *See* N.D.N.Y.L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.") (emphasis in original).

[2] Prisoners are customarily required to vacate their cells during routine searches.

Resp. to Defs.' Mot. for Summ. J., Exs., Inmate Misbehavior Reps., dated Oct. 31, 2003, at A1, A-2, A-6, & A-7.

Defendant Captain Robert Minogue was designated to serve as the Superintendent's representative and conduct a Tier III Disciplinary Hearing on the charges filed by C.O.'s Evens and LaBombard. Defs.' 7.1 Statement at ¶ 6. Defendant Correctional Counselor Roy Ano was assigned to assist Plaintiff in his defense against the disciplinary charges. *Id.* at ¶ 7. At some point before the Hearing, Plaintiff met with Ano,[3] and advised him of the witnesses he wanted to have called and documentary evidence he wished to procure. *Id.* at ¶¶ 8-9; Pl.'s Resp. to Defs.' 7.1 Statement at ¶¶ 8-9.

Defendant Captain Minogue convened the Disciplinary Hearing on November 13, 2003. Defs.' 7.1 Statement at ¶ 10. The Hearing spanned several days, and on November 19, 2003, Defendant Ano met with Plaintiff and discussed his requests for additional inmate witnesses and facility personnel. *Id.* at ¶ 12; Compl. at ¶ 20. Ano contacted the inmates, recorded their responses, and advised Plaintiff accordingly. Defs.' 7.1 Statement at ¶ 12. Over the course of the proceedings Plaintiff argued with Defendant Minogue over a range of issues including his requests to have security staff subjected to polygraph examinations, to have over a dozen inmates called to testify, and to have access to the medical records of security staff. *Id.* at ¶ 13; Pl.'s Resp. to Defs.' 7.1 Statement at ¶ 13. On November 25th, Defendant Minogue ejected Plaintiff from the Hearing after Plaintiff repeatedly failed to control his outbursts. Defs.' 7.1 Statement at ¶ 14. Minogue continued to receive testimony from witnesses in Plaintiff's absence. *Id.* at ¶ 15.

---

[3] Defendants assert Ano met with Plaintiff twice before the Hearing, once on November 3, and again on November 12, 2003. Defs.' 7.1 Statement at ¶¶ 8-9. Plaintiff asserts his only meeting with Ano was on November 12, 2003. Pl.'s Resp. to Defs.' 7.1 Statement at ¶¶ 8-9.

On November 26th, Minogue completed the Hearing and found Plaintiff guilty of Interference with an Employee, Assault on Staff, and several related charges. *Id.* at ¶ 16. Minogue sentenced Plaintiff to twelve (12) months confinement in the Special Housing Unit (SHU) with concomitant loss of packages, commissary, and telephone privileges; he also recommended a twelve (12) month reduction in good-time credits. *Id.* at ¶ 17. Plaintiff appealed the decision to Donald Selsky on December 21, 2003, who affirmed the decision. Dkt. No. 27, Donald Selsky Decl., dated Feb. 21, 2008, Ex. A, Rev. of Supt. Hr'g, dated Feb. 12, 2004.

On March 8, 2004, Plaintiff filed another appeal with Selsky, asking him to reconsider his denial of Plaintiff's appeal on the grounds that he was wrongly denied the opportunity to bring in certain witnesses and that Minogue was impartial. Selsky Decl., Ex. A, Pl.'s Lt. Appeal, dated Mar. 8, 2004. In a letter written on Plaintiff's behalf, the Prisoners' Legal Services of New York asked Selsky to reconsider his denial of Plaintiff's appeals on the grounds of improper denial of witnesses and preclusion of relevant documentary evidence at Plaintiff's Hearing. Selsky Decl., Ex. A, Lt. from Theresa Wells to Donald Selsky, dated Apr. 9, 2004.

Although the record does not contain a formal response to these petitions, both parties assert that they were denied by Selsky. *See* Selsky Decl. at ¶ 9; Compl. at ¶ 43. Plaintiff filed the instant federal action on April 18, 2006.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact . . . the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions,

answers to interrogatories, and admissions on file, together with affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on "mere allegations or denials" of the facts submitted by the movant. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) and *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary

judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

### B. Favorable Termination Rule

In *Heck v. Humphry*, 512 U.S. 477 (1994), the Supreme court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for any other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphry*, 512 U.S. at 486-87. This procedural bar has become known as the "favorable termination rule." *See McEachin v. Selsky*, 225 Fed. Appx. 36, 37 (2d Cir. 2007).

Thus, a court must consider if a judgment in favor of a plaintiff "would imply the validity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. If there is no such implication, then the action should proceed. *Id.* In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), the Supreme Court extended *Heck* by holding that a prisoner who files a § 1983 action

challenging disciplinary procedures resulting in a loss of good-time credits must show that the conviction has been overturned.

There is no evidence in this case that Plaintiff's disciplinary conviction and sentence of twelve (12) months confinement in SHU with concomitant loss of packages, commissary, and telephone privileges, and a recommended twelve (12) month reduction in good-time credits has been overturned, vacated, or otherwise modified. Selsky Decl. at ¶ 11; Compl. at ¶ 44. Moreover, Plaintiff has indicated that Minogue's sentence resulted in the extension of his incarceration. Compl. at ¶ 41. The Second Circuit has held that an inmate who is subject to "mixed sanctions," that is, a punishment that affects both the conditions and duration of confinement, can proceed to challenge the conditions of confinement under § 1983 without satisfying the "favorable termination rule" if he is "willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement." *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006).

In the case at bar, Plaintiff received "mixed sanctions" after being found guilty at his Disciplinary Hearing. To wit, Plaintiff's conditions of confinement were affected by a sentence of twelve (12) months in SHU and other loss of privileges, and his duration of confinement by a recommended twelve (12) month reduction in good-time credits. Dkt. No. 27, Charles J. Quackenbush, Esq., Decl., dated Feb. 24, 2008, App. A, Disciplinary Hr'g Tr., dated Nov. 26, 2003, at pp. 66-67. Therefore, Plaintiff may proceed with his § 1983 claims concerning the conditions of his confinement alone if he is willing to forever forgo all current[4] and future challenges to his twelve (12) month loss of good-time credits.

Thus, it is recommended that Plaintiff's Complaint be **conditionally dismissed** until the

---

[4] Plaintiff has declared that he has an Article 78 Petition currently under review in state court. Pl.'s Opp. to Defs.' Mot. for Summ. J, Kevin Sheils, Decl., dated May 27, 2008; *see also* Pl.'s Resp. to Defs.' 7.1 Statement at ¶ 21.

Plaintiff informs the Court that he wishes to proceed with his § 1983 claims concerning the conditions of his confinement and forgo for all time his claims concerning the duration of his confinement. It is also recommended that Plaintiff be required to inform the Court whether he wishes to proceed with his conditions of confinement claims **within thirty (30) days** of the date the District Court adopts this Report-Recommendation.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Plaintiff's Complaint (Dkt. No. 1) be **conditionally dismissed** until such time as the Plaintiff informs the Court that he wishes to proceed with his § 1983 claims concerning the conditions of his confinement and forgo for all time his claims concerning the duration of his confinement; and it is further

**RECOMMENDED**, that Plaintiff be required to inform the Court **within thirty (30) days** of the date the District Court adopts this Report-Recommendation whether he intends to pursue his conditions of confinement claims; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   August 21, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge