**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KEVIN SHEILS,**

                **Plaintiff,**                9:06-cv-482
                                                                                 (GLS/RFT)

                **v.**

**R. J. MINOGUE,** Commissioner's Hearing
Officer; **P. ANO,** Tier Hearing Officer; and
**D. SELSKY,** Director, Special Housing,

                **Defendants**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Kevin Sheils
Pro Se
99-A-5444
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

**FOR THE DEFENDANTS:**

HON. ERIC T. SCHNEIDERMAN    CHARLES J. QUACKENBUSH
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Pro se plaintiff Kevin Sheils brings this action under 42 U.S.C. § 1983 alleging violations of his federal due process rights in connection with a disciplinary hearing held at Clinton Correctional Facility. (Dkt. No. 1.) In a Report-Recommendation and Order (R&R) filed November 1, 2010, Magistrate Judge Randolph F. Treece recommended that defendants' motion for summary judgment be granted and Sheils's complaint be dismissed.[1] (Dkt. No. 48.) Pending are Sheils's objections to the R&R. (Dkt. No. 49.) For the reasons that follow, the R&R is adopted in its entirety.

### **II. Standard of Review**

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No.

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

### III. Discussion

To the extent a specific objection to the R&R can be gleaned from Shiels's objections, it is that Judge Treece failed to address Shiels's allegation that "defendant Minogue did not act as an impartial hearing officer" because he was "'also' assigned to investigate the entire alleged incident[, which] was also approved by the Facility superintendent one day before the [hearing] commenced." (Pl. Objections ¶ 2, Dkt. No. 49; *see also id.* at ¶ 3-4, 6, 8, 13.) Because Shiels failed to assert such a claim in his complaint, his objection lacks merit.

The pleading requirements contained in the Federal Rules of Civil Procedure are designed to provide defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Indeed, while "a complaint need not correctly plead every legal theory supporting [a] claim, at the very least, plaintiff must set forth facts that will allow each party to tailor its discovery to prepare an

3

appropriate defense." *Beckman v. U.S. Postal Serv.*, 79 F. Supp. 2d 394, 407 (S.D.N.Y. 2000) (citations omitted); *McEachin v. McGuinnis*, 357 F.3d 197, 199 n.2 (2d Cir. 2004) ("It is well-established that the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim.  Factual allegations alone are what matters." (citations and internal quotation marks omitted)).  And this rule applies equally to pro se plaintiffs.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (explaining that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law" and courts cannot read into pro se submissions inconsistent claims or claims not suggested by those submissions).  Thus, where a plaintiff fails to properly allege a claim in his complaint, he may not later assert that claim at the summary judgment stage.  *See Thomas v. Egan*, 1 F. App'x. 52, 54 (2d Cir. 2001) ("[I]t is inappropriate to raise new claims for the first time in submissions in opposition to a summary judgment motion." (citation omitted)); *Caribbean Wholesale & Serv. Corp. v. U.S. JVC Corp.*, 963 F. Supp. 1342, 1359 (S.D.N.Y. 1997) (explaining that a plaintiff's attempt to "add a claim never addressed, or even hinted at, in the complaint ... is inappropriate at the summary judgment stage, after the close of discovery,

without the Court's leave, and in a brief in opposition to a dispositive motion").

As correctly observed in the R&R, Shiels alleges in his complaint that his procedural due process rights were violated because: "(1) relevant evidence was withheld from [Shiels] prior to and during his Disciplinary Hearing ...; (2) Defendant Minogue denied [Shiels] the opportunity to present objections, question witnesses, and introduce evidence ...; and (3) Defendant Ano denied [Shiels] access to records and generally failed to meet his duties as a Hearing Assistant." (R&R at 7-8, Dkt. No. 48 (citing Compl. ¶¶ 2, 18-19, 29, 39, 40, 45, 48).) The complaint does not allege a due process violation on the basis now asserted or assert any facts suggesting that Shiels was attempting to advance such a claim. Rather, only in his response to defendants' motion for summary judgment did Shiels attempt to claim that Minogue was not impartial and that such partiality violated his procedural due process rights. (*See, e.g.*, Pl. Resp. Mem. of Law at 13-16, Dkt. No. 30.) Thus, because Shiels's attempt at raising this claim was clearly improper, *see Egan*, 1 F. App'x. at 54, the court finds no error in Judge Treece's failure to address it and therefore

5

rejects Shiels's argument in that regard.[2]

Finally, Shiels's remaining objections are, to the extent decipherable, vague and general in nature. Accordingly, having reviewed the R&R's findings and conclusions for clear error and finding none, the court affirms those findings and conclusions and adopts the R&R in its entirety.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's November 1, 2010 Report-Recommendation and Order (Dkt. No. 48) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 27) is **GRANTED** and Shiels's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

---

[2] Additionally, having reviewed the documents now referenced by Shiels in support of his objection, the court fails to see how any of them demonstrate or suggest that defendant Minogue took part in investigating the charges underlying Shiels's hearing or was otherwise partial in any way.

6

January 20, 2011
Albany, New York

_____
United States District Court Judge

7